# IN THE COURT OF APPEALS OF IOWA

No. 20-0026
Filed August 4, 2021

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAVID MILES GALVIN,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.


A defendant appeals his conviction for possession of methamphetamine with intent to deliver. **APPEAL DISMISSED.**


Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee.


Considered by Doyle, P.J., and Tabor and Greer, JJ.

**TABOR, Judge.**

David Galvin appeals his conviction following a guilty plea to possession of methamphetamine with intent to deliver. He contends the plea colloquy was defective because the district court failed to inquire into the terms of the plea agreement. We cannot reach his contention.

Galvin and the State filed a memorandum of plea agreement. As to sentencing, the memorandum states "The State will recommend supervised probation, with the sentences to be run concurrent with each other. [Galvin] will obtain a substance-abuse evaluation and follow through with any recommended treatment." The agreement also set out "special conditions," including this one: "[Galvin] understands that upon entry of a deferred judgment pursuant to section 907.3, [he] shall be assessed a civil penalty . . . ." In that sentence, the words "deferred judgment" were underlined in blue ink. A few lines below, Galvin and his counsel signed in blue ink, while the prosecutor signed in black ink. This, according to Galvin, "indicated it was [his] intention to request a deferred judgment."

At the plea hearing, the district court recited the State's sentencing recommendation and the substance-abuse condition from the memorandum. The court then asked Galvin if that was his understanding of the plea agreement. Galvin said yes. The court also asked counsel if the defense requested "a deferred docket search." Counsel said yes. The court accepted the plea and ordered a presentence investigation (PSI) report.

Before sentencing, the court filed an order showing it received the PSI. The court noted that Galvin and his counsel also received the PSI and that "they know

of no reason that sentence should not be imposed." At the sentencing hearing, counsel agreed Galvin had a chance to review the PSI and had no additions or corrections. The first page of the PSI reflected: "[Galvin] appears ineligible to receive a deferred judgment due to his felony conviction . . . . He is also ineligible due to the controlled substance in this case being methamphetamine." When asked for the defense recommendation, counsel said, "We concur with the State and the PSI preparer in this matter" and "ask the court to consider suspending the sentence." The court sentenced Galvin to a ten-year suspended sentence and three years of probation. Galvin now appeals.

Galvin contends the court erred in failing to ask about the terms of the plea agreement as required by Iowa Rule of Criminal Procedure 2.8(2)(c). Galvin asserts that he intended to request a deferred judgment. But the PSI preparer determined that Galvin was ineligible for a deferred judgment. Because the court made no inquiry, it never informed Galvin that a deferred judgment was off the table. Galvin argues his plea was thus unknowing and involuntary.

The State insists we cannot consider that argument because of recently enacted statutory provisions. Iowa Code sections 814.6 and 814.7 (2020) limit Galvin's ability to appeal as a matter of right following his guilty plea and require any claims of ineffective assistance of counsel be decided in postconviction-relief proceedings rather than on direct appeal. *See State v. Treptow*, 960 N.W.2d 98, 102 (Iowa 2021). Section 814.6 does not permit an appeal following a guilty plea, other than a class "A" felony, without "good cause." *State v. Damme*, 944 N.W.2d 98, 103–04 (Iowa 2020) (placing burden of establishing good cause on defendant).

Good cause means "a legally sufficient reason." *Id.* at 105. For example, allegations of sentencing error constitute good cause. *State v. Boldon*, 954 N.W.2d 62, 69 (Iowa 2021) (reiterating "[a] sentencing error invariably arises after the court has accepted the guilty plea. This timing provides a legally sufficient reason to appeal notwithstanding the guilty plea." (alteration in original) (quoting *Damme*, 944 N.W.2d at 105)); *see also State v. Thompson*, 951 N.W.2d 1, 2 (Iowa 2020) (extending *Damme* ruling to appeals from orders revoking deferred judgments). Because Galvin challenges the plea proceeding, and not his sentence, he must offer another "legally sufficient reason" for us to consider his claim.

Galvin argues good cause exists because the court did not comply with the rules of criminal procedure at the plea proceeding and, thus, his plea was unknowing and involuntary. The parties submitted briefs before the supreme court decided *State v. Tucker*, 959 N.W.2d 140 (Iowa 2021). Tucker invited the court to "expand the concept of good cause and hold that a claim that a plea is not intelligently or voluntarily made constitutes good cause to appeal as a matter of right." *Tucker*, 959 N.W.2d at 153. The supreme court held Tucker lacked a "legally sufficient reason" to challenge the guilty plea because it could not "provide relief on direct appeal." *Id.* The court reasoned: "His failure to file a motion in arrest of judgment precludes appellate relief." *Id.* (citing Iowa R. Crim. P. 2.24(3)(a) ("A defendant's failure to challenge the adequacy of a guilty plea proceeding by motion in arrest of judgment shall preclude the defendant's right to assert such challenge on appeal.")). Galvin admits that he failed to file a motion in arrest of judgment, which precludes our consideration of his claim.

Yet two exceptions to this rule exist: (1) when the district court fails to advise the defendant of the consequences of not filing a motion in arrest of judgment; or (2) when the failure to file such motion stems from ineffective assistance of counsel. *Tucker*, 959 N.W.2d at 153. Galvin does not assert that the district court fell short in its advisory, and the plea record shows the court gave the necessary warning. Galvin also insists he is not raising an ineffective-assistance-of-counsel claim, though he mentions in passing that counsel's only failure was not filing the motion. Even if he were raising an ineffective-assistance-of-counsel claim, the legislative amendment removes our authority to consider that issue on direct appeal. Iowa Code § 814.7 ("An ineffective assistance of counsel claim in a criminal case shall be determined by filing an application for postconviction relief . . . and the claim shall not be decided on direct appeal from the criminal proceedings.").

Because Galvin has not established good cause, we cannot hear the challenge and thus dismiss the appeal.

**APPEAL DISMISSED.**